**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **STEFANEE DAWKINS, on behalf of herself and others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 20-cv-4063** |
| **v.** | ) ) | **JURY DEMANDED** |
| **NR 1 TRANSPORT, INC., ZBA, Inc., and NERIJUS ZITKEVICIUS** | ) ) ) | |
| **Defendants.** | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Stefanee Dawkins complains against Defendants NR 1 Transport, Inc., ZBA, Inc., and Nerijus Zitkevicius (collectively, "Defendants"), alleging claims under the Fair Labor Standards Act ("FLSA") and the Illinois Wage Payment and Collection Act ("IWPCA"), and for common-law conversion and unjust enrichment.

### Introduction

1.      Defendants NR 1 Transport, Inc. ("NR 1") and ZBA, Inc., ("ZBA") are freight shipping and trucking companies owned and operated by Defendant Zitkevicius.

2.      Defendants engage in a scheme in which they withhold wages from truck driver employees and keep the money in an escrow account purportedly as security in the event the drivers' trucks are damaged. Yet upon termination of the drivers' employment, regardless of the trucks' condition, Defendants refuse to return the wages held in escrow and routinely withhold the employees' final paychecks as well. As a result of the withheld wages, Defendants regularly pay employees less than the minimum wage required under federal law and unlawfully retain wages promised to employees for work they completed.

3.      Plaintiff, on behalf of herself and others similarly situated, seeks to recover unlawfully withheld wages and unpaid minimum wages she is owed as a result of the Defendants' illegal wage withholding practices.

**Parties**

4.      Plaintiff Stefanee Dawkins, a Georgia resident, worked as a truck driver for ZBA from approximately September 2018 to November 2018 and for NR 1 from approximately November 2018 to January 2019.

5.      Defendant ZBA is an Indiana corporation that operates a truck yard in Joliet, Illinois.  Dawkins reported to the Joliet, Illinois truck yard when ZBA hired her.

6.      Defendant NR 1 is an Indiana corporation that was originally formed in 2009 as "NR. 1 Transport Inc.," an Illinois corporation which dissolved in January 2018. NR 1, with ZBA, jointly operates the same truck yard in Joliet, Illinois. Dawkins continued to report to the Joliet, Illinois truck yard when she began working for NR 1.

7.      Defendant Zitkevicius, an Illinois resident, is the owner and operator of ZBA and NR 1.

8.      Defendants NR 1 and Zitkevicius employed Plaintiff for purposes of the FLSA and IWPCA.

9.      Defendants are joint employers for purposes of the FLSA.

**Enterprise Coverage**

10.      During relevant times, Defendants constituted an "enterprise" as that term is defined in the FLSA, because they performed related activities (either through unified operation or common control) for a common business purpose – namely, operating NR 1 and ZBA.

11.      The annual sales of NR 1 and ZBA exceed $500,000.00.

12.     Plaintiff and other workers moved materials in interstate commerce and handled materials that moved in interstate commerce when they performed work for Defendants.

13.     In particular, Plaintiff drove a truck and delivered freight of various kinds across state lines. Plaintiff performed part of her work in Illinois.

## Jurisdiction and Venue

14.     Venue is proper in this district because, at all relevant times, Defendants operated a truck yard in Will County, within this judicial district, where Plaintiff was employed.

15.     The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

## Facts

16.     Plaintiff Dawkins worked as a company truck driver for Defendants for approximately four months. She drove a truck owned by ZBA from approximately September 2018 to November 2018 and drove a truck owned by NR 1 from approximately November 2018 to January 2019, and she hauled loads that Defendants scheduled.

17.     Defendants paid Plaintiff and other truck drivers on a per-mile basis, plus additional flat-rate payments for extra stops and layovers.

18.     It is Defendants' practice to make regular deductions from truck drivers' weekly paychecks.  In addition to weekly deductions for insurance payments and for an "office fee," Defendants regularly deduct and withhold $250 from drivers' weekly paychecks, up to $2,000 total, to be held in "escrow" ("escrow deductions").  When they began their employment with ZBA or NR 1, ZBA and NR 1 informed Plaintiff and other truck driver employees that if they

terminated their employment with ZBA or NR 1, they would receive the funds held in escrow within 45 days of their termination.

19.     In November 2018, Defendant ZBA purported to terminate Plaintiff's employment but told her that she would begin driving for NR 1. Defendant ZBA did not pay Plaintiff any of the wages it held in escrow upon her termination.

20.     In January 2019, Plaintiff voluntarily terminated her employment with NR 1 due to an injury she suffered while driving for Defendants.

21.     Plaintiff worked over thirty hours for NR 1 in her last workweek dated January 7, 2019 through January 13, 2019. Upon Plaintiff's termination from NR 1, Defendants—without providing any justification—refused to pay Plaintiff her last weekly paycheck and refused to return any of the wages held in escrow.

22.     It is Defendants' regular practice to withhold drivers' escrow funds and to withhold final paycheck from employees upon termination of their employment with NR 1.

23.     Despite exercising substantial control over Plaintiff and other company drivers, Defendants classified Plaintiff and other company drivers as independent contractors.

24.     Plaintiff regularly worked eighty to ninety hours per week for Defendants, driving a truck owned and insured by ZBA and NR 1 and reporting to the same company dispatcher in Joliet, Illinois.

25.     Defendants, through the dispatcher, told Plaintiff where and when to drive, scheduling loads for her to haul to various locations throughout the country.

26.     Plaintiff exercised no discretion about which loads she would haul or where she would haul them.

27.     During relevant times, Defendants were Plaintiff's employers for purposes of the IWPCA because Plaintiff did not perform work which was outside of ZBA's or NR 1's usual course of business and did not perform work that was outside all of ZBA's or NR 1's usual places of business.

### FLSA Collective and Class Action Allegations

28.     Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA minimum wage, as an opt-in representative or collective action on behalf of herself and an **"FLSA Minimum Wage Class,"** consisting of all company truck drivers who worked for ZBA or NR 1 and who never received one or more paychecks from ZBA or NR 1 for work performed between July 10, 2017 and July 10, 2020.

29.     Plaintiff brings the claims set forth in Count II, alleging violations of the IWPCA, as a Rule 23 Class Action on behalf of herself and an **"IWPCA Class,"** consisting of all company truck drivers who worked for ZBA or NR 1 and who had money deducted from their paychecks for escrow or office fees or had their final paycheck withheld between July 10, 2010 and July 10, 2020.

30.     Plaintiff brings the claims set forth in Counts III and IV, alleging conversion and unjust enrichment, as a Rule 23 Class Action on behalf of herself and a **"Conversion Class,"** consisting of all company truck drivers who worked for ZBA or NR 1 and who terminated their employment with the company and who never received the full balance of their escrow account back from ZBA or NR 1, between July 10, 2015 and July 10, 2020.

31.     The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

32.     The Rule 23 Classes described above are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. On information and belief, during the past five years, well over 100 company truck drivers were not paid one or more of their final paychecks and were not paid wages that ZBA or NR 1 withheld in escrow, in violation of state law statutory and common-law requirements to pay wages that have been earned.

33.     Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

a.     Whether Defendants unlawfully withheld and never returned escrow deductions from the weekly wages of the putative class members;

b.     Whether Defendants unlawfully withheld paychecks from the putative class members.

c.     Whether Defendants misclassified company drivers as independent contractors for purposes of the IWPCA.

34.     Plaintiff Dawkins will fairly and adequately protect the interests of all class members. She is a member of each Subclass, and her claims are typical of the claims of all class members. Plaintiff's interests in obtaining monetary relief for Defendants' violations of the class members' rights is consistent with and not antagonistic to those of any person within the classes.

35.     Plaintiff has retained counsel competent and experienced in complex and class action litigation.

36.     A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

37.     The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## <u>Count I – Fair Labor Standards Act – Minimum Wage Claim</u>

38.     Plaintiff incorporates all prior allegations as if fully stated herein.

39.     Defendants employed Plaintiff and other putative class members because Defendants permitted them to drive their trucks and exerted substantial control over the manner in which the truck drivers performed their work.

40.     Defendants did not pay Plaintiff or other putative class members $7.25 per hour for all hours worked in a workweek.

41.     Defendants' FLSA violations were willful.

## <u>PRAYER FOR RELIEF</u>

Plaintiff asks the Court to enter judgment against Defendants and issue an order:

 a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

 b. Entering judgment in the amount of all unpaid minimum wages due and owing to Plaintiff and putative class members as well as all applicable liquidated damages;

 c. Declaring that Defendants' conduct violated the FLSA;

 d. Awarding Plaintiff and putative class members their reasonable attorneys' fees and costs of this action;

 e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.  Awarding such other and further relief as this Court deems appropriate and just.

## Count II – Violation of the Illinois Wage Payment and Collection Act

42.     Plaintiff incorporates all prior allegations as if fully stated herein.

43.     Defendants employed Plaintiff and other putative class members of the IWPCA Class.

44.     Defendants made deductions for escrow and office fees from the paychecks of the Plaintiff and other putative class members of the IWPCA Class.

45.     Plaintiff and other putative class members of the IWPCA Class did not consent to the deductions in writing at the time of the deductions.

46.     Defendants failed to return the escrow deductions to Plaintiff and other putative class members of the IWPCA Class upon termination of their employment with ZBA or NR 1.

47.     Defendants also withheld one or more earned paychecks from Plaintiff and other putative class members of the IWPCA Class upon termination of their employment with ZBA or NR 1.

## PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against Defendants and issue an order:

a.  Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.  Appointing Plaintiff as representatives of the IWPCA Class;

c.  Appointing the undersigned counsel as class counsel;

d.  Declaring that the actions complained of herein violated 820 ILCS 115/1, *et seq*.

e.  Awarding the IWPCA Class all deducted wages that have not been returned;

     f.      Awarding penalties in the amount of 2% of wages illegally deducted by Defendants for each month those wages were retained by Defendants;

     g.     Awarding reasonable attorneys' fees and the costs of this action as provided by the IWPCA; and

     h.     Awarding such other relief as this court deems just and proper.

### Count III – Conversion

48.     Plaintiff incorporates all prior allegations as if fully stated herein.

49.     Following their separation from ZBA or NR 1, Plaintiff and other putative class members had immediate and absolute rights to specific amounts of money—the wages Defendants had withheld purportedly for escrow and the wages withheld in their final paychecks.

50.     Defendants wrongfully, and without authorization, continued to assume control, dominion, or ownership over the specific funds owed to Plaintiff and other putative class members.

### PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against Defendants and issue an order:

     a.   Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

     b.   Appointing Plaintiff as the representative of the Conversion Class;

     c.   Appointing the undersigned counsel as class counsel;

     d.   Declaring that the actions complained of herein are unlawful;

     e.   Awarding Plaintiff and putative class members immediate possession of the withheld funds; and

     f.   Awarding such other relief as this Court deems just and proper.

### Count IV – Unjust Enrichment

51.     Plaintiff incorporates all prior allegations as if fully stated herein.

52.     Defendants withheld earned wages—in the form of escrow deductions and withheld final paychecks—from Plaintiff and other putative class members.

53.     Defendants' retention of wages earned by Plaintiff and other putative class members benefited Defendants to the detriment of Plaintiff and other putative class members.

54.     Defendants' retention of the benefit of the wages earned by Plaintiff and other putative class members violates fundamental principles of justice, equity, and good conscience.

## PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against Defendants and issue an order:

a.  Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.  Appointing Plaintiff as the representative of the Unjust Enrichment Class;

c.  Appointing the undersigned counsel as class counsel;

d.  Declaring that the actions complained of herein violate fundamental principles of justice, equity, and good conscience and are unlawful;

e.  Awarding Plaintiff and putative class members the amount of their earned wages retained by Defendants to the Defendants' benefit; and

f.  Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues as to which a jury trial is available.


Respectfully submitted,

/s/     Justin Tresnowski
One of the Attorneys for the Plaintiff

Christopher J. Wilmes (Illinois Bar No. 6287688)
Justin Tresnowski (Illinois Bar No. 6314160)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100