IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEFANEE DAWKINS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NR 1 TRANSPORT, INC., ZBA, INC., and NERIJUS ZITKEVICIUS,<br><br>Defendants. | Case No. 20-cv-4063<br><br>Judge Rebecca R. Pallmeyer |

## PARTIES' JOINT MOTION FOR APPROVAL OF THEIR SETTLEMENT AGREEMENT

Plaintiffs Stefanee Dawkins, Donald Brown, Robert Rodriguez, Eric Wainwright, Fnu Hyatullah, Mohammad Gul, Fnu Muhibullah, Iqbal Ghafari, Niazmohammad Kochai, and Babak Behbudi ("Plaintiffs"), by and through their attorneys, Hughes Socol Piers Resnick & Dym, Ltd., and Defendants, NR 1 Transportation, Inc. and Nerijus Ziktekvicius ("Defendants"), by and through their attorneys, Emerson Elder, P.C., hereby move this Honorable Court for approval of their Settlement Agreement and dismissal of the case initially without prejudice and with leave to reinstate until January 13, 2022 for purposes of enforcing the parties' Settlement Agreement, at which time the dismissal will automatically convert to one with prejudice.

1. This is an action by semi-truck drivers to recover unpaid wages, liquidated damages, and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C § 216 ("FLSA"), the Illinois Wage Payment & Collection Act ("IWPCA"), 820 ILCS 115/9, and the Illinois common law. Defendants NR 1 Transportation, Inc. and Nerijus Ziktekvicius (collectively, "Defendants"),

owned and operated a trucking company, and Plaintiffs drove semi-trucks for that company. ECF 23, at ¶¶ 1, 13-16.

2. Plaintiffs allege that Defendants withheld their final weeks' paycheck and made unauthorized deductions from their wages for, among, other things, a company-held escrow account amounting to $2,000 to $2,500. Plaintiffs further allege that Defendants never paid them for their final weeks' paycheck and never paid them back for the escrow money that Defendants allegedly withheld from their paychecks. Plaintiffs contend that these practices violated the FLSA minimum wage provisions, *see* 29 U.S.C. § 206, and violated the IWPCA's prohibition on unlawful deductions. 820 ILCS 115/9.

3. Defendants denied Plaintiffs' allegations. They argued that the Plaintiffs were actually independent contractors who had no rights under the FLSA and IWPCA. They also argued that Defendants paid Plaintiffs in accordance with their work contracts.

4. Both Plaintiffs' Counsel and Defendants' Counsel have conducted thorough investigations into the merits of the potential claims and defenses and the damages to which Plaintiffs may be entitled if Plaintiffs prevail. The Parties engaged in formal discovery, including the production of electronic data regarding Plaintiffs' pay, time records and other records showing hours worked.

5. On November 29, 2021, the Parties reached a settlement after negotiating over several weeks. The Defendants and each of the ten Plaintiffs subsequently memorialized their settlement into a written Settlement Agreement. Plaintiffs' Counsel believes that the proposed settlement would pay each Plaintiff the final paycheck that Defendants allegedly withheld from them as well as any escrow money that Defendants allegedly retained, plus all attorneys' fees and

costs. In view of the risks and delay in proceeding forward, Plaintiffs and their attorneys believe that this represents a fair and reasonable resolution of this litigation.

6. The Settlement Agreement – which has been filed with the Court as Exhibit A to this Motion – identifies all terms of the settlement, including the individual settlement awards that will be paid to each Plaintiff (a total of $56,000) and the attorneys' fees and costs award ($59,000) that will be paid to Plaintiffs' Counsel. Plaintiffs' counsel believes the $59,000 in attorneys' fees and costs are reasonable because they are, according to Plaintiffs' counsel, significantly less than Plaintiffs' Counsel's lodestar to date. Plaintiffs' counsel responded to a motion to dismiss, briefed a contested motion for conditional certification, served and responded to discovery, briefed a motion to compel discovery, interviewed ten drivers about their work for Defendants, reviewed thousands of pages of written discovery, and negotiated this agreement. In short, the fees are eminently reasonable.

7. In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id*. at 1353, 1355. If a settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back

3

wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

8. As explained, the settlement was reached after discovery and after several weeks of negotiation. Therefore, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness). Should this matter have continued, the Parties would have proceeded with written and oral discovery of all Plaintiffs, and potentially filed dispositive motions. If Plaintiffs prevailed on their claims, Defendants would be faced with the prospect of a verdict against them and an obligation to pay hundreds of thousands of dollars in attorneys' fees and costs. If Defendants prevailed, Plaintiffs faced dismissal of their claims and no recovery.

9. The Parties have attached a Proposed Order to this Motion and submitted it via email to the Court's proposed order e-mail address. Therefore, the Proposed Order dismisses the case initially without prejudice, with leave to reinstate on or before January 13, 2022, only for purposes of enforcing the Parties' Settlement Agreement. If the Plaintiffs do not move to reinstate the case on or before January 13, 2022, then the Court's order will convert automatically to a dismissal with prejudice.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court: (1) grant the Motion; (2) enter the attached Proposed Order or an Order substantially similar to it in which the Court approves of the Settlement Agreement; (3) initially dismisses Plaintiffs' Complaint and all other claims without prejudice with leave to reinstate on or before January 13, 2022, only for purposes of enforcing the Parties' Settlement Agreement; and (4) any other relief that the Court deems appropriate.

Dated:  December 17, 2021           ALL PLAINTIFFS,

                                            By: s/*Christopher J. Wilmes*
                                                  Plaintiffs' Attorney

Christopher J. Wilmes
Elizabeth Mazur
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2636

Dated:  December 17, 2021           NR 1 TRANSPORTATION, INC. and
                                                      NERIJUS ZIKTEKVICIUS,

                                            By: s/  Charles Jeffrey Compher
                                                 One of Defendants' Attorneys

Anthony N. Balice
Charles Jeffrey Compher
Emerson & Elder PC
53 W. Jackson Blvd., Suite 526
Chicago, IL  60604