IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEFANEE DAWKINS, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NR 1 TRANSPORT, INC., ZBA, INC., and NERIJUS ZITKEVICIUS, <br><br> Defendants. | Case No. 20-cv-4063 <br><br> Judge Rebecca R. Pallmeyer |

**ORDER**

This matter coming before the Court on the Parties' Joint Motion for Approval of their Settlement Agreement (the "Motion"), IT IS HEREBY ORDERED:

1. This is an action by semi-truck drivers to recover unpaid wages, liquidated damages, and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C § 216 ("FLSA"), the Illinois Wage Payment & Collection Act ("IWPCA"), 820 ILCS 115/9, and the Illinois common law.

2. Defendants NR 1 Transportation, Inc. and Nerijus Ziktekvicius (collectively, "Defendants"), owned and operated a trucking company, and Plaintiffs Stefanee Dawkins, Donald Brown, Robert Rodriguez, Eric Wainwright, Fnu Hyatullah, Mohammad Gul, Fnu Muhibullah, Iqbal Ghafari, Niazmohammad Kochai, and Babak Behbudi drove semi-trucks for that company. ECF 23, at ¶¶ 1, 13-16.

3. Plaintiffs allege that Defendants withheld their final weeks' paycheck and made unauthorized deductions from their wages for, among, other things, a company-held escrow account amounting to $2,000 to $2,500. Plaintiffs further allege that Defendants never paid them for their final weeks' paycheck and never paid them back for the escrow money that Defendants

allegedly withheld from their paychecks. Plaintiffs contend that these practices violated the FLSA's minimum wage provisions, *see* 29 U.S.C. § 206, and violated the IWPCA's prohibition on unlawful deductions. 820 ILCS 115/9.

4. The Court has reviewed the Motion and the proposed Settlement Agreement. The Court finds that there is a bona fide legal dispute with respect to all of the Plaintiffs' claims, including their FLSA, IWPCA, and Illinois common law claims. The Court also finds that the total settlement amount and individual settlement awards are reasonable and fair given the legal dispute between the Parties and the risks of litigation. The Court also finds that payment to Plaintiffs' counsel for their attorneys' fees and costs is reasonable.

5. Accordingly, the Court grants the Motion and approves the Settlement Agreement, including the release of all claims against Defendants.

6. This matter is dismissed initially without prejudice with leave to reinstate on or before January 13, 2022, only for purposes of enforcing the parties' Settlement Agreement. If Plaintiffs do not file a motion to enforce the Settlement Agreement on or before January 13, 2022, then the dismissal will convert automatically to a dismissal with prejudice.

Date: January 10, 2022

Entered by:

_____
Judge Rebecca Pallmeyer